UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| BODHISATTVA SKANDHA, | * | |
|---|---|---|
| Plaintiff, | * | |
| v. | * | C.A. No. 11-10679-JLT |
| CYNTHIA M. SUMNER, | * | |
| Defendant. | * | |

ORDER

October 5, 2011

TAURO, J.

On April 13, 2011, Bodhisattva Skandha, who is incarcerated at MCI Norfolk, filed a self-prepared complaint under 42 U.S.C. § 1983 in which he alleged that MCI Norfolk Deputy Superintendent Cynthia M. Sumner denied Skandha of his Fourteenth Amendment right to due process when Sumner instituted policies which had the effect of diminishing the power of the Norfolk Colony Inmate Council ("NIC"). On May 24, 2011, the Court issued a memorandum and order (#4) in which it concluded that Skandha had failed to state a claim upon which relief may be granted because he did not have liberty interest avoiding the changes to the NIC's power. The Court explained that, under Sandin v. Conner, 515 U.S. 472 (1995), an inmate does not have a liberty interest in avoiding a particular condition of confinement unless the condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. The Court direct the plaintiff to show cause why the action should not be dismissed.

On June 9, 2011, Skandha filed a timely response to the Court's show cause order ("Resp.") However, in arguing that he had a state-created contractual liberty interest "in the 1931

agreement between the prison superintendent, staff, and inmates concerning the Constitution of the NIC," Resp. at 14, Skandha relies on pre-Sandin jurisprudence, under which a prisoner could demonstrate a liberty interest by pointing to a state regulation that limited the discretion of officials, see, e.g., Resp. at 15-16 (citing Kentucky Dep't of Corr. v. Thompson, U.S. 454, 462 (1989)).

In Sandin, the Supreme Court imposed a "new threshold test" for determining the existence of a liberty interest that would trigger due process protection. Dominque v. Weld, 73 F.3d 1156, 1160 (1st Cir. 1996); see also id. at 1159-61 (discussing Sandin's new standard for establishing a liberty interest). As the Court explained in its earlier order, Skandha's complaint does not meet this standard. Further, contrary Skandha's assertion, Sandin is not "fact-specific," Resp. at 34, or limited to cases in which a prisoner challenges placement in segregation. See, e.g., Dominique, 73 F.3d at 1160 (under Sandin, inmate did not have a liberty interest in remaining in a work release program).

Accordingly, for the reasons stated in the Court's May 24, 2011 memorandum and order, this action is dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

| | |
|---|---|
| 10/5/11 | /s/ Joseph L. Tauro |
| DATE | UNITED STATES DISTRICT JUDGE |